| | |
|---|---|
| 1 | JOSEPH P. RUSSONIELLO (CSBN 44332)<br>United States Attorney |
| 2 | JOANN M. SWANSON (SBN 88143)<br>Chief, Civil Division |
| 3 | CHARLES M. O'CONNOR (SBN 56320)<br>Assistant United States Attorney |
| 4 |    450 Golden Gate Avenue, Ninth Floor<br>   P.O. Box 36055 |
| 5 |    San Francisco, California 94102-3495<br>   Telephone:    (415) 436-7180 |
| 6 |    Facsimile:     (415) 436-6748 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MONTARA WATER AND SANITARY DISTRICT,<br><br>                  Plaintiff,<br><br>   v.<br><br>COUNTY OF SAN MATEO, a political subdivision of the State of California; and Does 1 to 20, inclusive,<br><br>                  Defendant. | No. C 07-3176 JF<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Civil Local Rules 3-12(b), 7-11 |
| MONTARA WATER AND SANITARY DISTRICT,<br><br>                  Plaintiff,<br><br>   v.<br><br>COUNTY OF SAN MATEO, a political subdivision of the State of California; and Does 1 to 20,inclusive<br><br>                  Defendant. | Hearing:  None, unless ordered by Court<br><br><br>No. C 08-2814 BZ |
| THE UNITED STATES OF AMERICA,<br><br>                  Intervenor. | |

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
C 07-3176 JF & C08-2814 BZ

**INTRODUCTION**

In the interests of judicial economy, the United States of America (hereafter "United States") brings this motion to relate the pending action (Civil No. C 08-2814), to a previous action (Civil No. C 07-3176) which was remanded without prejudice to the Santa Clara Superior Court on October 9, 2007.

**STATEMENT OF FACTS**

**I. Procedural History of the First Action (Civil No. C 07-3176 JF)**

On June 18, defendant County of San Mateo removed an eminent domain action (case number CIV 463068) to the United States District Court for the reason that the action implicated an interest of the United States in certain portions of the Half Moon Bay Municipal Airport, land in which the United States had a reversionary interest pursuant to a September 26, 1947 Quitclaim Deed. The action was docketed as Case No. C 07-3176 JF. [Docket #1].

On June 22, 2007, defendant County of San Mateo filed a motion for joinder of a necessary party (United States of America) as defendant for the reason that the United States was necessary to the action pursuant to Rule 19 of the Federal Rules of Civil Procedure. [Docket #5].

On July 10, 2007, plaintiff Montara Water and Sanitary District filed a motion to remand the action to the Santa Clara Superior Court, arguing that the removal was improper because the action did not involve any substantive rights created by federal law, involved predominately state law issues, and would be tried independent of federal law. [Docket #9].

On October 9, 2007, the Honorable Jeremy Fogel filed an order granting plaintiff Montara's motion to remand and denying without prejudice the defendant County's motion for joinder. The Court found that the removal was improper because the United States had not sought to intervene for the purpose of claiming an interest in the outcome of the case and therefore there was not a present dispute regarding title to the property. The Court found that without removal jurisdiction it lacked the jurisdiction to consider the County's joinder motion. [Docket #22].

**II. History of the Action in the Superior Court  (Case No: 1-07-CV-088793)**

On December 13, 2007, the plaintiff obtained an order of possession covering certain parcels within the subject property from the Santa Clara Superior Court.

1  On December 21, 2007, the United States served a Notice of Intent to Revert Property on the
2  defendant County of San Mateo.
3  On March 21, 2008, the United States exercised its reversionary fee simple interest in the
4  subject property and filed a Notice of Reverter with the Recorder's Office, County of San Mateo.
5  On April 16, 2008, the United States moved to intervene in the Superior Court action on
6  behalf of the Federal Aviation Administration on the grounds that it was the current fee owner in
7  the subject real property and therefore had a paramount interest in the property.
8  On June 5, 2008, the Superior Court granted the United States' motion to intervene. [Copy
9  attached as Exhibit B to Docket #1 in Case No: C 08-2814 BZ, referenced in Part III., below.]

**III. Procedural History of the Pending Action (Civil No. C 08-2814 BZ))**

11  On June 5, 2008, the intervenor United States filed a notice of removal of Case No: 1-07-
12  088793. The action was docketed in this Court as Case No: C 08-2814 BZ. [Docket #1].

**ARGUMENT**

14  The instant action, Civil No. C 08-2814 BZ, should be related to the prior action, as it meets
15  the definition for a related case under Civil L.R. 3-12(a).
16  First, except for the addition of the United States as a party to the case, the action concerns
17  substantially the same parties, property, and transaction as the prior action. In fact, the instant
18  action is best viewed as a continuation to the prior action with the United States as an additional
19  party.  The prior action was remanded because the Court found that the removal was improper
20  because the United States had not sought to intervene for the purpose of claiming an interest in
21  the outcome of the case. The United States subsequently exercised its reverter, sought to
22  intervene in the Superior Court, and did successfully intervene in that Court on the basis that it
23  possessed a paramount interest in the property as the current fee owner.  Montara Water and
24  Sanitary District remains the plaintiff, and San Mateo County remains a defendant. The subject
25  property remains the same, and the eminent domain action remains the disputed transaction.
26  Second, it appears likely that there will be an unduly burdensome duplication of labor and
27  expense if the cases are not related, given that the instant case is effectually a continuation of the
28  prior case.

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
C 07-3176 JF & C08-2814 BZ                                                                                                    -3-

1 | Therefore, to promote judicial economy, as well as the economy of the parties, the Court should grant this motion and relate these two cases.

Consistent with Rule 3-12(b), this motion will be filed in the earliest-filed case removed to this Court by defendant County, with a copy provided to the Court in the later action.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: June 12, 2007

/s/
_____
CHARLES M. O'CONNOR
Assistant United States Attorney

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
C 07-3176 JF & C08-2814 BZ                                                               -4-