HERMAN H. FITZGERALD, #33131
CHRISTINE C. FITZGERALD, #131531
LAW OFFICES OF HERMAN H. FITZGERALD
A Professional Corporation
345 Lorton Avenue, Suite 302
Burlingame, CA 94010
Telephone: (650) 348-5195
Facsimile: (650) 348-3518
*fitzgeraldlaw@sbcglobal.net*

DAVID E. SCHRICKER, #36534
LAW OFFICES OF DAVID E. SCHRICKER
20370 Town Center Lane, Suite 100
Cupertino, CA 95014
Phone:    (408) 517-9923
Facsimile: (408) 252-5906
dschricker@schrickerlaw.com

*Exempt From Filing Fees Pursuant To Government Code section 6310*

Attorneys For Plaintiff
MONTARA WATER AND SANITARY DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| MONTARA WATER AND SANITARY DISTRICT, a public agency,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SAN MATEO, a political subdivision of the State of California; and Does 1 to 20, inclusive,<br><br>    Defendants.<br><br>THE UNITED STATES OF AMERICA,<br><br>    Intervenor. | No. CV- 07-3176 JF<br>(No. CV-08-2814 BZ)<br><br>**PLAINTIFF'S RESPONSE TO INTERVENOR'S MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED AND REQUEST FOR ADMINISTRATIVE RELIEF RE CIVIL LOCAL RULES 3 – 12**<br><br><u>Hearing:</u><br><br>Date: June 18, 2008<br>Time: 8:00 a.m.<br>Dept.: Courtroom 3, 5th Floor<br>    The Honorable Jeremy Fogel |

1

I.

**SUMMARY ARGUMENT**

Although Intervenor United States of America's Complaint In Intervention is separate and distinct from Plaintiff's Complaint In Eminent Domain, the fact remains that, for the present time, the two matters are presently together in one action and come within the definition of related cases under Local Rule 3-12(a) and, for that reason, Plaintiff does not oppose the Motion. However, there is one important and significant matter Plaintiff submits for the consideration of this Honorable Court. Plaintiff and Defendant County of San Mateo at the outset stipulated to a transfer of the Eminent Domain lawsuit to Santa Clara County; the Defendant County removed the case to the Federal District Court, San Jose Division; the San Jose Federal District Court conducted (and the parties heavily briefed) two very substantial motions and rendered opinions on each; thus, the San Jose Division is familiar with the issues; these issues have not changed and for that reason Plaintiff submits that, logically and for purposes of judicial efficiency, that the matters should return to the San Jose Division of the Federal District Court, as the Court is best familiar with the issues and better suited to preside over the matter.

II.

**FACTS AND PROCEDURE IN SUPPORT OF ARGUMENT**

On May 17, 2007, Plaintiff Montara Water and Sanitary District ("Plaintiff") filed an eminent domain action based solely on State law against Defendant County of San Mateo ("Defendant") in a California Superior Court, County of San Mateo, the county where the real property sought to be condemned is located. Plaintiff's right of eminent domain flows from California statutes and constitutional provisions vesting Plaintiff Public Agency with the right of condemnation. (See Health & Safety Code 6400, et. seq., defining public agency providing water and sanitary service to local communities; and, Health & Safety Code 6512.7 empowering Plaintiff with additional powers,

including the power to acquire property useful or necessary to make use of water for any useful purpose and Code of Civil Procedure section ("CCP") 1230.010, et. seq., granting the power of eminent domain; see, also Article 1, Section 19 ("private property may be taken or damaged for public use only when just compensation, ascertained by a jury unless waived has first been paid to, or into court for the owner."). The California Eminent Domain Law establishes the law under which the instant eminent domain action proceeds without reference to federal law. Federal law has no relevancy to the State Eminent Domain action.

The action was originally filed in San Mateo County Superior Court, the county where the real property sought to be condemned is located as required by the Eminent Domain Law, C.C.P. §1250.020, but transferred to Santa Clara County Superior Court, a neutral county, on or about June 15, 2007, by stipulation between the parties. Shortly thereafter, the County removed the action to Federal Court claiming that the action implicates an interest of the Federal Government and also filed a motion to join the United States as a necessary party to the action. Because, inter alia, the Complaint condemns "<u>subject</u> to the interest of the Federal Government" (Complaint, *¶ 3, 3:9-12, emphasis added),* Plaintiff opposed the County's joinder and also filed a Motion to Remand the case back to State Court. Upon hearing the motions, the United States District Court for the Northern District of California, San Jose Division, by and through the Honorable Jeremy Fogel, ruled that the County's "removal was improper." The Court denied the County's Motion for Joinder for lack of jurisdiction and granted Plaintiff's Motion to Remand. The case was remanded to the Santa Clara County Superior Court (i.e., "the State Court") on October 9, 2007.

Thereafter, Defendant, again, filed a Motion for Joinder of the United States, which was denied in the State Court by the Honorable Kevin E. McKenney on December 13, 2007.

Additionally, on the same day, December 13, 2007, over vigorous opposition by Defendant County, the State Court granted Plaintiff's Motion For Possession pursuant to C.C.P. 1255.410 and

issued its *Order For Possession In Eminent Domain Action ("OIP")*, stating, inter alia:

> "IT IS FURTHER ORDERED that Plaintiff is authorized and empowered to enter upon and take possession and use of the subject property described in the Complaint herein, and Plaintiff is authorized and empowered to remove therefrom any and all persons, obstacles, improvements or structures of every kind or nature thereon situated, and to fully possess and use the subject property from and after the date of issuance of this Order for Possession, or as of December 31, 2007, whichever is earlier."

On or about June 5, 2008, Intervenor United States of America ("Intervenor") filed a *Notice of Removal* in district court, San Francisco Division, removing the state court action. (*See* Notice of Removal on file herein, civil docket No. CV 08 2814BZ).

Dated:  June 16, 2008

                            LAW OFFICES OF HERMAN H. FITZGERALD
                            A PROFESSIONAL CORPORATION


                            By:_____
                                HERMAN H. FITZGERALD
                              Attorneys for Plaintiff

Resp Mtn AdminRelief.doc

PLAINTIFF'S RESPONSE TO INTERVENOR'S MOTION FOR ADMIN. RELIEF