HERMAN H. FITZGERALD, #33131
CHRISTINE C. FITZGERALD, #131531
LAW OFFICES OF HERMAN H. FITZGERALD
A Professional Corporation
345 Lorton Avenue, Suite 302
Burlingame, CA 94010
Telephone: (650) 348-5195
Facsimile:  (650) 348-3518
*fitzgeraldlaw@sbcglobal.net*

DAVID E. SCHRICKER, #36534
LAW OFFICES OF DAVID E. SCHRICKER
20370 Town Center Lane, Suite 100
Cupertino, CA 95014
Phone:     (408) 517-9923
Facsimile: (408) 252-5906
*dschricker@schrickerlaw.com*          **Exempt From Filing Fees Pursuant**
                                       **To Government Code section 6310**

Attorneys For Plaintiff
MONTARA WATER AND SANITARY DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| MONTARA WATER AND SANITARY DISTRICT, a public agency,<br><br>       Plaintiff,<br><br>v.<br><br>COUNTY OF SAN MATEO, a political subdivision of the State of California; and Does 1 to 20, inclusive,<br><br>       Defendants.<br>_____<br><br>THE UNITED STATES OF AMERICA,<br><br>       Intervenor.<br>_____ | No.  CV 08 2814 BZ<br><br>**NOTICE OF MOTION AND MOTION TO REMAND REMOVED ACTION TO SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing:<br><br>Date:  September 3, 2008<br>Time: 10:00<br>Dept.: Bernard Zimmerman |

## TABLE OF CONTENTS

                                                                    Page

NOTICE OF MOTION TO REMAND    .    .    .    .    .    .    .    1

MOTION TO REMAND REMOVED ACTION TO
SUPERIOR COURT OF CALIFORNIA, COUNTY OF
SANTA CLARA        .    .    .    .    .    .    .    .    .    .    1

MEMORANDUM OF POINTS AND AUTHORITIES    .    .    .    2

I.    SUMMARY OF ARGUMENT    .    .    .    .    .    .    2

II.    PROCEDURE    .    .    .    .    .    .    .    .    .    3

III.    FACTS    .    .    .    .    .    .    .    .    .    6

IV.    LEGAL ARGUMENT .    .    .    .    .    .    .    .    8

       A.    Intervenor May Not Properly Remove The State Court
Action To Federal Court After It Has Submitted And Filed A
Separate Complaint In Intervention Seeking Affirmative Action
Rescinding The State Court Order For Immediate Possession    .    .    .    8

       B.    Under California Law, The Plaintiff Is Entitled To Exercise
 Its Power Of Eminent Domain To Acquire Only Those Property Interests
Which Are Necessary For Its Use    .    .    .    .    .    .    .    10

       C.    The Federal Quiet Title Act, 28 U.S.C. § 2409a., Does Not
Apply To An Eminent Domain Action    .    .    .    .    .    .    11

             1.    A Condemnation Action Is An *In Rem* Proceeding;
             A Quiet Title Action Is An *In Personam* Proceeding    .    .    11

             2.    Plaintiff Has A Constitutionally Guaranteed Right
             To A Jury In An Eminent Domain Case, Which Factor
             Alone Is Sufficient To Justify Remand To The State Court .    .    13

V.    CONCLUSION    .    .    .    .    .    .    .    .    .    13

-i-

# TABLE OF AUTHORITIES

**Page**

**CASES**

**California Cases**

People v. Simon Newman Co. (1974)
      37 Cal.App.3d 398, at 404 and 405 .        .        .        .        .        .        .        5

People v. Peninsula Title (1956)
      47 Cal.2d 29, 32 .        .        .        .        .        .        .        .        .        2, 5

Bayle-Lacoste & Co. v. Superior Court (1941)
      46 Cal.App.2d 636, 642        .        .        .        .        .        .        .        5, 11

Contra Costa Water District v. Vaquero Farms, Inc. (1997)
      58 Cal.App.4th 883        .        .        .        .        .        .        .        .        3, 10

City of South San Francisco v. Mayer (1998)
      67 Cal.App.4 1350        .        .        .        .        .        .        .        .        3, 10

People v. Chevalier (1959) 52 Cal.2d 299 .        .        .        .        .        .        10

Stockton v. Galgani (1874) 49 Cal. 139        .        .        .        .        .        .        12

Coachella Valley Water Dist. v. Western Allied Properties, Inc.
(1987) 190 Cal. App. 3d 969, 974        .        .        .        .        .        .        13

**Federal Cases**

United States v. 21.54 Acres
      491 F.2d 301 (4th Cir. 1973) .        .        .        .        .        .        .        3, 10, 11

Berman v. Parker,
      346 U.S. 26 (1954)        .        .        .        .        .        .        .        .        11

Jackson v. South. Calif. Gas (9th Cir. 1989) 88 F2d. 638        .        .        .        .        8

Doe v. Allied-Signal, Inc. (1993) 985 F2d 908 .        .        .        .        .        8

Acosta v. Direct Merchants Bank (S.D. Cal 2002)
207 F. Supp. 1129        .        .        .        .        .        .        .        .        .        9

Rosenthal v. Coates (1893) 148 U.S. 142 .        .        .        .        .        .        10

Kelo v. City of New London (2005) 545 U.S. 469        .        .        .        .        10

Cadorette v. United States (1st cir. 1993) 988 F.2d 215        .        .        .        .        12

## TABLE OF AUTHORITIES - continued

**CALIFORNIA STATUTES**

Code of Civil Procedure Sections:

1230.010 . . . . . . . . . . . . 3, 11

1250.020(a). . . . . . . . . . . . 3

1250.230 . . . . . . . . . . . . 5

1255.410 . . . . . . . . . . . . 4

1263.020 . . . . . . . . . . . . 8

387(b) . . . . . . . . . . . . 5

Health and Safety Code Sections:

6400 . . . . . . . . . . . . 3

6512.7 . . . . . . . . . . . . 3

**FEDERAL STATUTES**

United States Code Sections:

1331 . . . . . . . . . . . . 3

1441 . . . . . . . . . . . . 3, 14

2409a . . . . . . . . . . . . 3, 11

1346 . . . . . . . . . . . . 14

**OTHER AUTHORITIES**

Article 1, section 19 of the California Constitution . . . . . 3, 13

**NOTICE OF MOTION TO REMAND REMOVED ACTION TO SUPERIOR COURT**

TO THE DEFENDANT AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 3, 2008 at the hour of 10:00 a.m. or as soon thereafter as counsel may be heard in the Department of the Honorable Bernard Zimmerman, Magistrate Judge of The United States District Court For The Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff Montara Water And Sanitary District will move the Court for an *Order to Remand Removed Action To The Superior Court of the State of California, County of Santa Clara*.

**MOTION TO REMAND REMOVED ACTION TO SUPERIOR
COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**

This motion is made upon the grounds that remand of the instant removed Action to the Superior Court of California, County of Santa Clara, is required under the law in that (1) the Intervenor USA consented to state jurisdiction by seeking affirmative relief by the April 16, 2008 filing of the *Motion to Intervene* asking the State Court to rescind the *Order for Immediate Possession* ("OIP") granted to Plaintiff on December 19, 2007 by the State Court; (2) this Honorable Court lacks jurisdiction for the reasons, inter alia, set out in (1), supra; (3) the federal district courts do not have original jurisdiction in this matter; (4) the instant matter is not a quiet title action (5) remand will promote judicial economy, efficiency and avoid unnecessary expense to the parties, duplication, unnecessary and wasteful litigation and is in furtherance of convenience, and will promote the ends of justice and the economies and efficiency of handling this litigation, and (6) the State of Court in and for the County of Santa Clara, State of California, is the proper court to adjudicate a final judgment of the state law eminent domain acquisition of the property.

This motion is based on all the pleadings, papers, and records filed in this action, on the attached Memorandum of Points and Authorities in support thereof, the Declaration of Herman H.

1

Fitzgerald filed with these moving papers and on such evidence as may be presented at the hearing.

Dated: June 24, 2008.                LAW OFFICES OF HERMAN H. FITZGERALD
                                     A PROFESSIONAL CORPORATION


                                By:_____
                                     HERMAN H. FITZGERALD
                                     Attorneys for Plaintiff

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### SUMMARY OF ARGUMENT

In an action brought in a state court wherein a defendant seeks to remove the matter from state to federal court, the condition precedent to the propriety of removal turns on, inter alia, whether or not a defendant has waived its right to removal by seeking state court affirmative relief.  It is established federal procedure that a defendant may not remove an action to federal district court after a state court filing seeking state court affirmative relief prior to the removal of the state matter to federal court; decisional law so holds.  Therefore the issue before this Honorable Court is whether Intervenor United States of America ("Intervenor USA") may remove the state court eminent domain action to federal court after the filing of a Motion, asking the state court to, inter alia, rescind the OIP which granted Plaintiff possession of the property and " . . . is deemed to have the same effect of finality of transfer for specific purposes as does the passage of title." People v. Peninsula Title (1956) 47 Cal.2d 29, 33.

There is no construction or application of federal law involved in the underlying Eminent Domain state law case.  There is no element or proposition of federal law which plaintiff must establish to condemn the interests of Defendant San Mateo County.  The eminent domain action does not involve any substantive rights created by federal law, and will be tried independent of

2

federal law, involving predominately state court issues.

There is no original jurisdiction in the federal courts for this condemnation action. California Code of Civil Procedure ("CCP") section 1250.020(a).  Thus, 28 U.S.C. Sections 1331 and 1441 are inapplicable.  The Federal Quiet Title Act, 28 U.S.C. section 2409a., does not contemplate a condemnation action and, thus, is inapplicable herein.  The State Court *Eminent Domain Complaint* specifically acknowledges and recognizes that the taking of Defendant County of San Mateo's property is **subject to** the interest of the federal government. (Complaint, 3:9-11.)  Moreover, the prohibition of a jury trial by 28 U.S.C. § 2409a. (f) further renders 28 U.S.C. 2409a. inapplicable. Plaintiff is *not required* to condemn property interests that it *does not need*. Plaintiff *does not have the legal authority* to condemn what it *does not need*.  United States v. 21.54 Acres, 491 Fed.2d 301, 304 (4th Cir. 1973); City of South San Francisco v. Mayer (1998) 67 Cal. App. 4th 1350, 1355; Contra Costa Water Dist. v. Vaquero Farms, Inc. (1977) 58 Cal.App. 4th 883, 893.

**II.**

**PROCEDURE**

On May 17, 2007, Plaintiff Montara Water and Sanitary District ("Plaintiff" or "Montara") filed an eminent domain action based solely on State law against Defendant County of San Mateo ("Defendant" or "County") in a California Superior Court, County of San Mateo, the county where the real property sought to be condemned is located.  (*Complaint in Eminent Domain*, attached hereto as Exhibit A).  Plaintiff's right of eminent domain flows from California statutes and constitutional provisions vesting Plaintiff Public Agency with the right of condemnation.  (See California Health & Safety Code § 6400, et. seq., defining public agency providing water and sanitary service to local communities; and, Health & Safety Code § 6512.7 empowering Plaintiff with additional powers, including the power to acquire property useful or necessary to make use of water for any useful purpose and CCP § 1230.010, et. seq., granting the power of eminent domain;

3

see, also Article 1, Section 19 - "private property may be taken or damaged for public use only when just compensation, ascertained by a jury unless waived has first been paid to, or into court for the owner".)  The California Eminent Domain Law establishes the law under which the instant eminent domain action proceeds without reference to federal law. Federal law has no relevancy to the State Eminent Domain action.

The action was originally filed in San Mateo County Superior Court, the county where the real property sought to be condemned is located as required by the Eminent Domain Law, CCP §1250.020, but transferred to Santa Clara County Superior Court, a neutral county, on or about June 15, 2007, by stipulation between the parties.  Shortly thereafter, the County removed the action to Federal Court claiming that the action implicates an interest of the Federal Government and also filed a motion to join the United States as a necessary party to the action.  Because, inter alia, the Complaint condemns "<u>subject</u> to the interest of the Federal Government" (Complaint, *¶ 3, 3:9-12, emphasis added)*, Plaintiff opposed the County's joinder and also filed a Motion to Remand the case back to State Court.  Upon hearing the motions, the United States District Court for the Northern District of California, San Jose Division, by and through the Honorable Jeremy Fogel, ruled that the County's "removal was improper."  The Court denied the County's Motion for Joinder for lack of jurisdiction and granted Plaintiff's Motion to Remand.  The case was remanded to the Santa Clara County Superior Court on October 9, 2007.

Thereafter, Defendant, again, filed a Motion for Joinder of the United States, which was denied in the State Court by the Honorable Kevin E. McKenney on December 19, 2007.

Additionally, on the same day, December 19, 2007, over vigorous opposition by Defendant County, the State Court granted Plaintiff's Motion For Possession pursuant to CCP § 1255.410 and

//

//

4

issued its *Order For Possession In Eminent Domain Action* (Exhibit B attached hereto*)* stating, inter alia:

> "IT IS FURTHER ORDERED that Plaintiff is authorized and empowered to enter upon and take possession and use of the subject property described in the Complaint herein, and Plaintiff is authorized and empowered to remove therefrom any and all persons, obstacles, improvements or structures of every kind or nature thereon situated, and to fully possess and use the subject property from and after the date of issuance of this Order for Possession, or as of December 31, 2007, whichever is earlier."[1]

The facts submitted in support of the OIP are set forth in the Declaration of Plaintiff's District Manager, George F. Irving, attached hereto as Exhibit C.

On April 16, 2008, the United State of America ("Intervenor USA") filed "United States of America's Notice of Motion and Motion For Leave To Intervene In Pending Action (CCP §§ 387(b), 1250.230)" in the state court eminent domain action asking for "…an order granting it leave to intervene by filing a complaint in intervention in this eminent domain action." (Intervenor USA Motion to Intervene, 1:23-24, Exhibit D)  A copy of the proposed *Complaint In Intervention* is attached to the "Declaration of Lorraine M. Herson-Jones In Support of Motion to Intervene" attached hereto as Exhibit E. The *Complaint in Intervention* seeks as part of the judgment in the prayer at page 2, line 25 an "order rescinding the award of early possessory interest to Plaintiff." Thus, on April 16, 2008, Intervenor USA asked the State Court to rescind the OIP issued on December 19, 2007. The Santa Clara Superior Court granted Intervenor USA's Motion to Intervene on June 4, 2008.

On or about June 5, 2008, Intervenor filed a *Notice of Removal*, removing to this Court the

---

[1] Plaintiff submits that the effect of the Order for Possession is that title passes to the condemning authority as of the possession date of December 19, 2007.  People v. Simon Newman Co. (1974) 37 Cal.App.3d 398, at 404 and 405; People v. Peninsula Title (1956) 47 Cal.2d 29, at 33 and 35.  This is consistent with the rule that a condemnation action is an action *in rem* by which a court obtains jurisdiction upon the filing of the complaint.  (Bayle-Lacoste & Co. v. Superior Court
(continued . . . )

5

state court action. (*See* Notice of Removal on file herein.)  By this Motion, Plaintiff moves this Honorable Court for an *Order To Remand the Removed Action* back to the Superior Court, County of Santa Clara and for the reasons set herein, Plaintiff respectfully requests that this court enter said order.

## III.

## FACTS

Plaintiff owns and operates a public drinking water system ("Water System"), which, inter alia, provides potable water to residents and businesses in and around Montara, California, including water to Defendant County of San Mateo at its *Half Moon Bay Municipal Airport*. Montara's Water System includes three (3) drinking water production ground wells known as the "Airport Wells" which draw from one or more groundwater aquifers in the San Vicente/Denniston Creek Sub-Basin. The Airport Wells currently supply approximately sixty-percent (60%) of the potable water delivered by the Water System. Among other things, Plaintiff's Water System includes the right of Plaintiff to appropriate and use groundwater for drinking water supplies from the Airport Wells.[2]

The Complaint seeks to acquire the three well sites; two of the well sites were originally developed by the U.S. Navy and have been used for community water supply purposes continually since 1948, firstly by the Montara Elementary School District and, then, commencing in 1958, by the Citizens Utilities Company of California and its successor California American Water Company, until acquired by the Plaintiff in 2003.  The third well site was added in 1987[3] and has been in

---

( . . . continued)
(1941) 46 Cal.App.2d 636, 642)

[2] The historical and physical facts set forth herein are established by the Declaration of George Irving, District Manager of the Plaintiff attached as Exhibit C herein.

[3] A fortiori, the 1987 well site is not subject to the 1947 Quit Claim from the USA to the County of San Mateo.

6

continual use since that date by Citizens, its successor, California American Water Company, and the Plaintiff by way of a Revocable Encroachment Permit. The takings are of the land only,[4] consisting of Parcel 1 of 724 square feet, Parcel 2 of 787 square feet and Parcel 3 of 677 square feet. The entire Airport property upon which the well sites are located consists of 319.53 acres or 13,918,727 square feet. The acquisition areas are on the perimeter of the Half Moon Bay Airport property; two are located approximately 50 feet from Highway 1 on an airport frontage road used by the public adjacent to a concrete youth hockey playing surface used on a regular basis by community youth field hockey teams.  The third is located at the foot of an internal roadway, considerably removed from Airport operations approximately 50 feet from the Highway, close to Airport property used by the Sheriff's department for vehicle parking.

The Airport Wells and water rights have been owned and operated by Plaintiff and its predecessors at the Half Moon Bay Airport since about 1943, prior to the transfer of the airport property to the Defendant County from the Federal government.   The Complaint takes expressly subject to the interest of the federal government:

> "The acquisition, however, does not include any interest of the Federal Government, and the acquisition would be subject to the interest of the Federal Government."
> (Complaint, 3:9-11.)

Prior to the issuance of the OIP Plaintiff occupied the acquisition parcels by a *Revocable Encroachment Permit* (REP) from the Defendant to operate and maintain the Airport Wells on County land; the operation of the Airport Wells does not interfere with airport operations; moreover, the Federal Aviation Administration ("FAA") has permitted the use of the Airport Wells and recognizes their use as proper under the REP. *Irving Dec.*, Exhibit C ¶ 3.

//

---

[4] The wells and the operating equipment, pipelines, etc., are owned by Plaintiff.

NOTICE OF MOTION AND MOTION TO REMAND REMOVED ACTION TO SUPERIOR COURT

1

**IV.**

2

**LEGAL ARGUMENT**

3

    A.    **Intervenor May Not Properly Remove The State Court Action To Federal Court
AFTER It Has Submitted And Filed A Separate Complaint In Intervention
SEEKING AFFIRMATIVE ACTION RESCINDING The State Court Order
For Immediate Possession.**

4

5

6

    Preliminarily, as stated in <u>Doe v. Allied-Signal, Inc.</u>, (1993) 985 F2d 908, 911, a few general

7

principles as to removal are appropriate as follows:

8

    "A federal court may remove to its jurisdiction a civil suit filed in state court so long as
the district court has original jurisdiction.  28 U.S.C. § 1441.  Courts should interpret the
removal statute narrowly and presume that the plaintiff may choose his or her forum.
Illinois v. Kerr-McGee Chemical Corp., 677 F.2d 571, 576 (7th Cir. 1982), certiorari
denied, 459 U.S. 1049, ... Any doubt regarding jurisdiction should be resolved in favor
of the states.  Jones v. General Tire & Rubber Co., 541 F.2d 660, 664 (7th Cir. 1976),
and the burden of establishing federal jurisdiction falls on the party seeking removal.
Wilson v. Republic Iron & Steel Co., 257 U.S. 92, ... (1921)."

9

10

11

12

13

    As stated aforesaid, original jurisdiction is lacking.[5]

14

15

    On April 16, 2008, Intervenor USA filed and served its *Motion for Leave to Intervene in

16

Pending Action* ("Motion to Intervene") seeking from the State Court " . . . an order granting it leave

17

to intervene by filing a complaint in intervention in this eminent domain action."  (Motion to

18

Intervene, <u>Exhibit D</u>, 1:22-23.) Intervenor USA's *Complaint in Intervention* (attached hereto as

19

Exhibit F) recites that USA  "...unites with the defendant in resisting ... Plaintiff" (2:1-2) and

20

demands judgment rescinding Plaintiff OIP possession (2:25).

21

    The proposed *Order Granting Leave to Intervene* (attached hereto as <u>Exhibit G</u>) states at page

22

1, lines 23-24 as follows:

23

24

    "IT IS ORDERED that the United States of America be granted leave to intervene in this
action and file its complaint in intervention."

25

26

    [5] A state condemnation action "...shall be commenced in the county in which the property is
located."  (C.C.P. § 1250.020(a)); "shall" is mandatory. (C.C.P. § 1235.060); "...A suit may be
removed to federal district court only if it could have been brought there originally." <u>Jackson v.
South. Calif. Gas</u> 88 F.2d. 638, 641.

27

28

The Declaration of USA attorney Lorraine M. Herson-Jones in Support of Motion to Intervene

("Exhibit E") states, inter alia, as follows at page 2, lines 3-5:

> "3.  Under California Code of Civil Procedure § 387 and § 1250.230, the United States of America ("United Sates") has applied to this Court for an order granting it leave to intervene in this action and file the attached complaint in intervention, incorporated herein by reference."

Plaintiff submits that the filing of a Motion requesting that the State Court rescind the Order

for Immediate Possession and uniting against Plaintiff constitutes the type of affirmative relief

which the Courts have traditionally held constitute **a consent** to proceed in State Court and, *a*

*fortiori*, a waiver of the right to remove.  The case of Acosta v. Direct Merchants Bank, (S.D. Cal

2002) 207 F. Supp. 1129, cites a number of decisions in which Courts traditionally have held that a

filing in which affirmative relief is demanded constitutes a waiver of the removal right. *Id*. at pp.

1132, 1133. The reasoning behind the rule is that once a party takes action through a substantive

affirmative filing, as here, the right of removal is waived.  In the instant State case, there was no

requirement imposed upon Intervenor to seek a recession of the previously granted OIP.  The

rescission of the OIP goes beyond a general claim in that the rescission requested is a "back door"

attempt to remove title granted to Plaintiff by the State Court; Plaintiff submits that the filing is an

unequivocal intent to concede to the jurisdiction of the Santa Clara County Superior Court. To

paraphrase the various cases cited by Acosta, supra, the volitional nature of Intervenor USA's

request for the affirmative action of recession of a prior court order clearly establishes a waiver of

USA's right to remove.

A motion seeking rescission of the ownership and possession of the condemned property goes

to substance of the state condemnation.  Intervenor USA's act is not a defensive act.  There was

nothing to indicate an intention to remove the state condemnation matter to federal court on April

16, 2008.  The act of asking the state court to rescind the OIP is a clear indication that on April 16,

9

1    2008 the Intervenor USA agreed to, and was consenting, to have the merits of its case decided in

2    State Court. It was only after receiving the decision allowing intervention that it sought federal court

3    removal.  The rule of law which has stood inviolate for over 100 years is stated in <u>Rosenthal</u> v.

4    <u>Coates,</u> (1893) 148 U.S. 142, that the Intervenor USA's attempt at removal " . . . would certainly

5    violate the spirit of the removal acts, which do not contemplate that a party may experiment on his

6    case in the state court, and upon an adverse decision, then transfer to the federal court." <i>Id.</i> at 147.

7    Although the ultimate ruling on the rescission was not "adverse," Plaintiff submits that does not

8    change the fact that on April 16, 2008, Intervenor USA was asking the State court for substantive

9    affirmative relief.  A determination on the OIP could terminate the Plaintiff's ownership in the

10   condemned property, divest it of possession and frustrate the underlying reason and premise of the

11   eminent domain action, all contrary to the well recognized "deferential approach" afforded

12
13   individual state power of eminent domain. <u>Kelo v. City of New London</u> (2005) 545 U.S. 469, 482.

14

15            **B.    Under California Law, The Plaintiff Is Entitled To Exercise Its Power
                     Of Eminent Domain To Acquire Only Those Property Interests Which
16                   Are Necessary For Its Use**

17        The power of eminent domain is inherent in Plaintiff as a governmental entity. <u>People</u> v.

18   <u>Chevalier</u> (1959) 52 Cal.2d, 299, 304. There are numerous decisions in California eminent domain

19   law providing that the condemnor has the <i><u>complete authority</u></i> and <i><u>right to control</u></i> its own lawsuit

20   <i><u>and condemn only the property interest</u></i> it wants.  <u>Contra Costa Water District</u> v. <u>Vaquero Farms,</u>

21   <u>Inc.,</u> (1997) 58 Cal.App.4th 883, 892-93. The <u>Contra Costa</u>, <i>supra</i>, case held at p. 895 that a

22   condemnation " . . . need not be unqualified, total, and unconditional." (<i>Also see</i> <u>City of South San</u>

23   <u>Francisco</u> v. <u>Mayer</u>, <i>supra</i>, 67 Cal.App.4th 1350, 1355, holding that " . . . a condemnor cannot be

24   required to take more severable rights in property than what it needs . . . ".)

25

26        The general federal rule from <u>United States</u> v. <u>21.54 Acres</u>, (4th Cir. 1973) 491 F.2d 301, at p.

27   //

28

NOTICE OF MOTION AND MOTION TO REMAND REMOVED ACTION TO SUPERIOR COURT

304, is as follows.

> When the government proceeds by formal condemnation, the general rule is that the extent of the take is a discretionary decision for the condemning authority which may not be modified by the judiciary.  The reason for this is as long as the government acts within the scope of its authority it cannot be compelled to take other than that which it had determined is needed."
> (Emphasis added.)

The Court in the 21.54 Acres, *supra*, case, at page 305 cited, *inter alia*, Berman v. Parker, (1954) 346 U.S. 26, as follows:

> "'. . . the amount and character of land to be taken for the project and the need for a particular tract to complete the integrated plan rests in the discretion of the legislative branch.'"

Based upon the foregoing authority, Plaintiff cannot be compelled to condemn an interest that it does not need. By permitting removal of its condemnation action, the USA would be allowed to control Plaintiff's eminent domain acquisition.

### C. The Federal Quiet Title Act, 28 U.S.C. § 2409a., Does Not Apply To An Eminent Domain Action

#### 1. A Condemnation Action Is An *In Rem* Proceeding; A Quiet Title Action Is An *In Personam* Proceeding

As a statutory basis, inter alia, cited in its Notice of Remand on file herein, Intervenor USA seeks to proceed under the Federal Quiet Title Act, 28 U.S.C. §2409(a).  (Notice of Removal 2:7-8 and 3:4-7.)  The Notice of Removal is insufficient; this is not a quiet title action; it is not in the nature of a quiet title action; this action is an eminent domain action pursuant to the California Eminent Domain Law (CCP Sections 1230.010, et. seq.).

Eminent domain actions vis-à-vis quiet title actions are completely different. An eminent domain action is an *in rem* proceeding taken against the property to dispose of the interests of all persons in that property; more particularly, condemnation actions are special, *in rem* proceedings wherein the Court exercises a limited and statutory jurisdiction confined to issues directly related to the eminent domain judgment. Bayle-Lacoste v. Superior Court, *supra*, 46 Cal.App.2d 636, 642;

11

1  Stockton v. Galgani (1874) 49 Cal. 139, 140. A quiet title action, on the other hand, is an *in*

2  *personam* proceeding where the determination is of the personal rights and obligations of the parties.

3  Because of the special nature of condemnation actions as *in rem* proceedings, *in personam* causes of

4  action against the plaintiff and/or third parties are improper in condemnation actions.

5     The case of Cadorette v. United States, 988 F.2d 215 (1st cir. 1993), is instructive on the

6  distinction at pp. 222-223:

7

8     "At the outset, one must understand a few of the technical differences between a
   'quiet title' action and a 'condemnation' proceeding. A condemnation action is
9     brought by the Government and proceeds *in rem* against the property itself. See
   *United States v. Carmack*, 329 U.S. 230, 235 n. 2.... As an exercise of eminent
10    domain, condemnation 'extinguishes all previous rights,' *Duckett & Co. v. United
   States*, 266 U.S. 149, ... and gives the United States title to the entire condemned
11    property 'good against the world.' *Norman Lumber Co. v. United States*, 223 F.2d
   868, ... Condemnation secures better title, in fact, than may be obtained through
12    voluntary conveyance. See *Carmack*, 329 U.S. at 239.. ... The title to the property
   vests in the United States when the award of 'just compensation' has been
13    ascertained and paid. See *Albert Hanson Lumber Co. v. United States*, 261 U.S.
   581, 587. ..; *United States v. 341.45 Acres of Land*, 751 F.2d 924, 926 n.2 (8th Cir.
14    1984) (where Government files a complaint in condemnation, title passes when
   compensation award paid into district court). Upon receipt of the award, the district
15    court will distribute it among those who owned the property at the time of
   condemnation. See Fed. R. Civ. P. 71A(j). (Emphasis added.)
16

17    ... In an action under the Quiet Title Act, by contrast, a private plaintiff names the
   United States 'as a party defendant . . . to adjudicate a disputed title to real property in
18    which the United States claims an interest . . .' 28 U.S.C. § 2409a(a). If the plaintiff
   prevails, he can recover the land wrongly held by the United States. The Quiet Title
19    Act also permits the Government to retain property it does not own, but only *after* a
   court has reached a 'final determination' in the title dispute 'adverse to the United
20    States.' *Id.* at 2409a(b). At that point, the United States can elect to keep the
   prevailing plaintiff's interest in the land by paying him 'just compensation' for it. *Id.*
21    Yet even if the United States acquires the plaintiff's interest, it will nonetheless be
   potentially liable to third parties not joined in the action, who may have better title
22    than either the plaintiff or the Government. *See, e.g., Younce v. United States*, 661 F.
   Supp. 482, 487-88 (W.D.N.C. 1987) (judgment for Government in § 2409a lawsuit
23    means that United States holds title superior to plaintiffs, but not necessarily good title
   as against the world*), aff'd*, 856 F.2d 188 (4th Cir. 1988);
24

25    *Oneida Nation v. New York*, 732 F.2d 261, 265 (2nd. Cir. 1984) ('Ordinarily a
   judgment in a[ ] . . . quiet title action will not affect the interests of others than the
26    parties or those in privity with them.'). This is because a 'quiet title' action is,

27

28

12

generally speaking, an *in personam* proceeding, see *Nevada v. United States*, 463 U.S. 110, 103 S.Ct. 2906, 2924-25, 77 L.Ed.2d 509 (1983), the purpose of which is to determine which named party has superior claim to a certain piece of property. See *74 C.J.S. Quieting Title*. *§* 1, at 11 (1951). *But see id. §* 7, at 18 & Supp. 1992 (scattered authority for proposition that 'quiet title' action can operate *in rem or quasi in rem*).

Based upon the foregoing, there can be no dispute as to the distinction of a quiet title action, i.e. an *in personam* proceeding and an eminent domain action i.e. an *in rem* proceeding. The Federal Quiet Title Act is inapplicable to the instant eminent domain action and cannot constitute a basis for removal to federal court.

> 2.  Plaintiff Has A Constitutionally Guaranteed Right To A Jury In An Eminent Domain Case, Which Factor Alone Is Sufficient To Justify Remand To The State Court

A second major distinction concerning the two causes of action is that 2409a.(f) mandates a court trial without a jury, a complete repudiation of the parties' Constitutional guarantee of a jury trial in condemnation actions. Plaintiff has an absolute right to a trial by jury on the issue of just compensation in this eminent domain case. (See Article 1, section 19 of the California Constitution; Coachella Valley Water Dist. v. Western Allied Properties, Inc. (1987) 190 Cal. App. 3d 969, 974.

**V.**

**CONCLUSION**

Plaintiff submits that Intervenor USA's *Motion For Leave To Intervene* by which it sought "… an order rescinding the award of early possession" in the Santa Clara County State Superior Court waived its right to remove the case to federal court. In so doing, Intervenor USA took a position on an affirmative and significant issue in the State Court action prior to filing a Notice of Removal with the federal court.

For reasons stated hereinabove, there is no original jurisdiction in federal district court and, accordingly, this federal district court lacks subject matter jurisdiction under the Quiet Title Act, as

13

1   well as under 28 U.S.C. § 1441 and 28 U.S.C. § 1346.  The Order remanding the case back to the

2   Superior Court, State of California, County of Santa Clara, should be issued.

3       When a California local government public agency proceeds under a California State law

4   eminent domain action based solely on California State Law, the Plaintiff California condemning

5   authority is entitled to have the matter tried in State court and removal to federal court should not be

6   permitted.

7

8       It is reasonable, fair and appropriate to remand this case to the state court.  There is nothing

9   just or convenient about forcing the Plaintiff to litigate a state law case in a federal law court.  This

10  eminent domain case belongs in a state court and should be sent back to conclude the proceedings.

11  Defendant stipulated to the transfer to Santa Clara County Superior Court.

12      It is respectfully submitted that the case is not within the removal jurisdiction conferred by 28

13  U.S.C. 1441.  Accordingly, for the reasons set forth herein, Plaintiff respectfully requests that this

14  Court issue an Order remanding the case back to the Superior Court of the State of California in and

15  for the County of Santa Clara, the State Court venue to which both Plaintiff Defendant have

16  stipulated.

17

18  Dated:  June 24, 2008          LAW OFFICES OF HERMAN H. FITZGERALD
                                   A PROFESSIONAL CORPORATION
19

20

21                                 By:_____
22                                      HERMAN H. FITZGERALD
                                        Attorneys for Plaintiff
23

24  Ntc Mtn Remand.doc

25

26

27

28

14

1   HERMAN H. FITZGERALD, #33131
2 CHRISTINE C. FITZGERALD, #131531
   LAW OFFICES OF HERMAN H. FITZGERALD
3 A Professional Corporation
   345 Lorton Avenue, Suite 302
4 Burlingame, CA 94010
   Telephone: (650) 348-5195
5 Facsimile:  (650) 348-3518
   *fitzgeraldlaw@sbcglobal.net*
6

7 DAVID E. SCHRICKER, #36534
   LAW OFFICES OF DAVID E. SCHRICKER
8 20370 Town Center Lane, Suite 100
   Cupertino, CA 95014
9 Phone:    (408) 517-9923
   Facsimile: (408) 252-5906
10 *dschricker@schrickerlaw.com*        ***Exempt From Filing Fees Pursuant***
                                      ***To Government Code section 6310***
11

12 Attorneys For Plaintiff
   MONTARA WATER AND SANITARY DISTRICT
13

14                   UNITED STATES DISTRICT COURT
15
        NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION
16

17 MONTARA WATER AND SANITARY     )   No.  CV 08 2814 BZ
   DISTRICT, a public agency,           )
18                                  )   **NOTICE REGARDING EXHIBIT**
19          Plaintiff,             )   **ATTACHMENT**
                                  )
20 v.                             )          Hearing:
                                  )
21 COUNTY OF SAN MATEO, a political     )   Date:  September 3, 2008
   subdivision of the State of California; and Does   )   Time: 10:00 a.m.
22 1 to 20, inclusive,             )   Dept.: Bernard Zimmerman
                                  )
23          Defendants.           )
                                  )
24 ────────────────────── )
                                  )
25 THE UNITED STATES OF AMERICA,     )
                                  )
26          Intervenor.            )
27 ────────────────────── )

28

                                  1

1    Exhibits A-G which are attachments to Plaintiff Montara Water and Sanitary District's

2    NOTICE OF MOTION AND MOTION TO REMAND REMOVED ACTION TO SUPERIOR

3    COURT OF CALIFORNIA, COUNTY OF SANTA CLARA; MEMORANDUM OF POINTS

4    AND AUTHORITIES is in paper form only and are being maintained in the case file in the Clerk's

5

6    office.

7        Reason for manual filing: the exhibits are too large for e-filing.

8    Dated: June 24, 2008.                    LAW OFFICES OF HERMAN H. FITZGERALD
                                             A PROFESSIONAL CORPORATION
9

10

11                                      By:_____
                                             HERMAN H. FITZGERALD
12                                           Attorneys for Plaintiff

13

14

15    NoticeReExhibit.doc

16

17

18

19

20

21

22

23

24

25

26

27

28

1   HERMAN H. FITZGERALD, #33131
2   CHRISTINE C. FITZGERALD, #131531
    LAW OFFICES OF HERMAN H. FITZGERALD
3   A Professional Corporation
    345 Lorton Avenue, Suite 302
4   Burlingame, CA 94010
    Telephone: (650) 348-5195
5   Facsimile:  (650) 348-3518
    *fitzgeraldlaw@sbcglobal.net*
6
7   DAVID E. SCHRICKER, #36534
    LAW OFFICES OF DAVID E. SCHRICKER
8   20370 Town Center Lane, Suite 100
    Cupertino, CA 95014
9   Phone:     (408) 517-9923
    Facsimile: (408) 252-5906
10  *dschricker@schrickerlaw.com*        **Exempt From Filing Fees Pursuant**
                                          **To Government Code section 6310**
11
12  Attorneys For Plaintiff
    MONTARA WATER AND SANITARY DISTRICT
13
14                  UNITED STATES DISTRICT COURT
15       NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION
16
17  MONTARA WATER AND SANITARY          )   No.  CV 08 2814 BZ
18  DISTRICT, a public agency,          )
                                        )
19             Plaintiff,               )   **DECLARATION OF HERMAN H.**
                                        )   **FITZGERALD IN SUPPORT OF**
                                        )   **MOTION TO REMAND ACTION TO**
20  v.                                  )   **SUPERIOR COURT OF CALIFORNIA,**
                                        )   **COUNTY OF SANTA CLARA**
21  COUNTY OF SAN MATEO, a political    )
22  subdivision of the State of California; and Does  )      Hearing:
    1 to 20, inclusive,                 )
23                                      )   Date:  September 3, 2008
             Defendants.                )   Time: 10:00 a.m.
24  _____    )   Dept.: Bernard Zimmerman
                                        )
25  THE UNITED STATES OF AMERICA,       )
                                        )
26                                      )
             Intervenor.                )
27  _____    )
28

DEC. OF HERMAN H. FITZGERALD IN SUPPORT OF MOTION TO REMAND OF REMOVED ACTION

I, HERMAN H. FITZGERALD, declare as follows:

That I am an attorney at law duly admitted to practice before all the Courts of the State of California and the United States District Court, Northern District of California and am one of the attorneys for Plaintiff MONTARA WATER AND SANITARY DISTRICT (hereinafter "Plaintiff") in the above-entitled matter; I have personal knowledge of the facts set forth in Plaintiff's Motion to Remand Removed Action to Superior Court of California, County of Santa Clara (hereinafter "the Motion"), including this Declaration all of which I believe to be true, other than those matters set forth on information and belief which I verily believe to be true, and if called upon, I would be competent to testify as a witness thereto.

That submitted in connection with this Motion is the declaration of George E. Irving and I have obtained Mr. Irving's concurrence in the filing of his declaration.

I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct.

Dated:  June 24, 2008.

_____
HERMAN H. FITZGERALD

Dec.HHF.MotRemand.doc

DEC. OF HERMAN H. FITZGERALD IN SUPPORT OF MOTION TO REMAND OF REMOVED ACTION

1  HERMAN H. FITZGERALD, #33131
2  CHRISTINE C. FITZGERALD, #131531
   LAW OFFICES OF HERMAN H. FITZGERALD
3  A Professional Corporation
   345 Lorton Avenue, Suite 302
4  Burlingame, CA 94010
   Telephone: (650) 348-5195
5  Facsimile:  (650) 348-3518
   *fitzgeraldlaw@sbcglobal.net*
6

7  DAVID E. SCHRICKER, #36534
   LAW OFFICES OF DAVID E. SCHRICKER
8  20370 Town Center Lane, Suite 100
   Cupertino, CA 95014
9  Phone:    (408) 517-9923
   Facsimile: (408) 252-5906
10 *dschricker@schrickerlaw.com*          **Exempt From Filing Fees Pursuant**
                                          **To Government Code section 6310**
11

12 Attorneys For Plaintiff
   MONTARA WATER AND SANITARY DISTRICT
13

14                      UNITED STATES DISTRICT COURT

15       NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

16

17 MONTARA WATER AND SANITARY          )   No.  CV 08 2814 BZ
   DISTRICT, a public agency,          )
18                                     )
                                       )   **[proposed] ORDER GRANTING**
19          Plaintiff,                 )   **REMAND OF REMOVED ACTION TO**
                                       )   **SUPERIOR COURT OF CALIFORNIA,**
20 v.                                  )   **COUNTY OF SANTA CLARA**
                                       )
21 COUNTY OF SAN MATEO, a political    )        Hearing:
   subdivision of the State of California; and Does )
22 1 to 20, inclusive,                 )   Date:  September 3, 2008
                                       )   Time: 10:00 a.m.
23          Defendants.                )   Dept.: Bernard Zimmerman
                                       )
24 _____    )
                                       )
25 THE UNITED STATES OF AMERICA,       )
                                       )
26          Intervenor.                )
                                       )
27 _____    )

28

                                       1

1    The motion of Plaintiff MONTARA WATER AND SANITARY DISTRICT for Remand of

2  Removed Action to Superior Court of California, County of Santa Clara came on regularly for

3  hearing on September 3, 2008 in the above-entitled court, the Honorable Bernard Zimmerman,

4  Magistrate Judge, presiding.  Plaintiff appeared by and through Herman H. Fitzgerald, Defendant

5  appeared by and through the offices of Thomas F. Casey, II, County Counsel, and Intervernor

6  United States of America appeared by and through Charles M. O'Conner.

7

8    Upon proof made to the satisfaction of the court, and the court having read the moving and

9  opposing papers, listened to oral argument, and good cause appearing therefore,

10    IT IS HEREBY ORDERED that Plaintiff's Motion is granted and Case No. CV 08 2814 BZ is

11  ordered remanded to the Superior Court of the State of California, County of Santa Clara.

12  Dated: _____

13

14                          _____

15                          JUDGE OF THE FEDERAL DISTRICT COURT

16

17  OrderGrantingRemRemoved.doc

18

19

20

21

22

23

24

25

26

27

28

[proposed] ORDER GRANTING REMAND OF REMOVED ACTION TO SUP. CT OF CA, SANTA CLARA