HERMAN H. FITZGERALD, #33131
CHRISTINE C. FITZGERALD, #131531
LAW OFFICES OF HERMAN H. FITZGERALD
A Professional Corporation
345 Lorton Avenue, Suite 302
Burlingame, CA 94010
Telephone: (650) 348-5195
Facsimile: (650) 348-3518
*fitzgeraldlaw@sbcglobal.net*

DAVID E. SCHRICKER, #36534
LAW OFFICES OF DAVID E. SCHRICKER
20370 Town Center Lane, Suite 100
Cupertino, CA 95014
Phone:    (408) 517-9923
Facsimile: (408) 252-5906
*dschricker@schrickerlaw.com*

*Exempt From Filing Fees Pursuant To Government Code section 6310*

Attorneys For Plaintiff
MONTARA WATER AND SANITARY DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| MONTARA WATER AND SANITARY DISTRICT, a public agency,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SAN MATEO, a political subdivision of the State of California; and Does 1 to 20, inclusive,<br><br>    Defendants.<br>_____<br><br>THE UNITED STATES OF AMERICA,<br><br>    Intervenor.<br>_____ | No. CV 08214 BZ<br><br>**ANSWER TO UNITED STATES OF AMERICA'S COMPLAINT IN INTERVENTION** |

1

ANSWER TO UNITED STATES OF AMERICA'S COMPLAINT IN INTERVENTION

**COMES NOW** Plaintiff Montara Water and Sanitary District, a public agency (hereinafter referred to as "Plaintiff or "Montara") and answers the unverified United States of America's Complaint In Intervention (hereinafter referred to as "USA Intervention Complaint") as follows:

1. Plaintiff admits the allegation in paragraphs <u>1, 2 and 7</u> of the USA Intervention Complaint.

2. Answering the allegations of Paragraphs 3, 5, 6 and 8 of the USA Intervention Complaint, the answering Plaintiff alleges that it has no information or belief on these matters sufficient to answer the allegations and, basing its denial on that ground, denies generally and specifically, all and singular, each and every allegation contained therein.

3. Answering the allegations of Paragraphs 4 and 9 of the USA Intervention Complaint, the answering Plaintiff denies generally and specifically, all and singular, each and every allegation contained therein and further answers Paragraph 9 as follows:  Plaintiff is the owner in fee simple of the Property which is the subject of the USA Intervention Complaint and Plaintiff denies that any others own an interest in the Property which has been condemned by Plaintiff and no others have any right, title or interest in the Property or any part thereto.

### FIRST AFFIRMATIVE DEFENSE

USA's Intervention Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

USA's Intervention Complaint is not a proper pleading, nor an allowable pleading in an Eminent Domain action under FRCP 71 A(e).

///

///

**THIRD AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction because the relief sought by the USA intervenor in the USA Intervention Complaint and the acts upon which Intervenor's claims are based, are all within the exclusive jurisdiction of the California Superior Courts, and therefore this Court's assumption of jurisdiction contravenes the Eminent Domain statutory and decisional law.

**FOURTH AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction because: (1) Plaintiff acquired legal title to the property which is the subject of this action by the Court's granting of the *Order For Possession* on December 19, 2007; (2) Intervenor United States of America is precluded by law from re-litigating the issue of Plaintiff's title acquired by the Order For Immediate Possession; (3) Plaintiff did not condemn any interest of the United States of America; (4) Plaintiff is entitled to condemn the acquisition land subject to the property interest, if any, of the United States of America; (5) Plaintiff is entitled to condemnation of solely the 2,188 square foot acquisition land from the County of San Mateo; (6) the United States is not a necessary party to the underlying Eminent Domain action; (7) the United States does not have an interest in the condemned property; and (8) The relief sought by the United States is not part of any eminent domain relief.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff is informed and believes and thereon states that USA's Intervention Complaint on file herein is barred by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff is informed and believes and thereon alleges that the USA's Intervention Complaint on file herein is barred by the doctrine of estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is informed and believes and thereon alleges that the USA's Intervention Complaint

on file herein is barred by the doctrine of waiver.

**WHEREFORE,** Plaintiff prays for judgment as follows:

1. That the United States of America's Complaint In Intervention be dismissed and damages awarded as follows:

    (a) For Plaintiff's cost of suit herein, including reasonable litigation expenses, to wit attorneys' fees and costs;

    (b) For damages according to proof; and

    (c) For such other and further relief as the Court shall find just and proper.

Dated: June 24, 2008

                         LAW OFFICES OF HERMAN H. FITZGERALD
                         A PROFESSIONAL CORPORATION


                         By:_____
                                HERMAN H. FITZGERALD
                                Attorneys for Plaintiff

Answer to Complaint.doc