MICHAEL P. MURPHY, COUNTY COUNSEL (SBN 83887)
By: David A. Levy, Deputy (SBN 77181)
By: Glenn M. Levy, Deputy (SBN 219029)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA  94063
Telephone: (650) 363-4756
Facsimile:  (650) 363-4034
E-mail:  dlevy@co.sanmateo.ca.us; glevy@co.sanmateo.ca.us

Attorneys for Defendant
COUNTY OF SAN MATEO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTARA WATER AND SANITARY DISTRICT,<br><br>    Plaintiff,<br><br>    vs.<br><br>COUNTY OF SAN MATEO, a political subdivision of the State of California; and Does 1 to 20, inclusive,<br><br>    Defendants. | Case No. 5:08-cv-02814-JF<br><br>**DEFENDANT COUNTY OF SAN MATEO'S ANSWER TO UNITED STATES OF AMERICA'S COMPLAINT IN INTERVENTION** |
| THE UNITED STATES OF AMERICA,<br><br>    Intervenor. | |

**COMES NOW DEFENDANT COUNTY OF SAN MATEO** ("County"), and in answer to the Complaint in Intervention of the United States of America ("USA") admits, denies, and alleges as follows:

1. Answering paragraph 1, County admits the allegations.

2. Answering paragraph 2, County admits that the Santa Clara Superior Court granted USA's motion for leave to intervene in the litigation referenced in Paragraph 1 of the Complaint in Intervention, and to file the Complaint in Intervention.

3. Answering paragraph 3, County admits that both USA and County oppose the claims of Plaintiff Montara Water & Sanitary District ("MWSD"), and denies each and every other allegation therein.

4. Answering paragraph 4, the allegations are legal, rather than factual, and without waiving any defenses, on that basis, County neither admits nor denies each and every allegation therein.

5. Answering paragraph 5, County admits that USA conveyed the property to the County of San Mateo by quitclaim deed pursuant to the Surplus Property Act of 1944, as amended, and other applicable rules, regulations, and orders, with certain reversionary interests, and denies each and every other allegation therein.

6. Answering paragraph 6, the allegations are legal, rather than factual, and without waiving any defenses, on that basis, County neither admits nor denies each and every allegation therein.

7. Answering paragraph 7, County admits the Santa Clara Superior Court issued an order, which document speaks for itself, and on that basis, denies each and every other allegation therein.

8. Answering paragraph 8, County admits that USA sent a Notice of Intent to Revert the Property, which document speaks for itself, and on that basis, denies each and every other allegation therein.

9. Answering paragraph 9, County admits that USA prepared a Notice of Reverter, and denies each and every other allegation contained therein.

**AFFIRMATIVE DEFENSES**

10. As and for a first affirmative defense, USA fails to state a claim for which relief can be granted against County.

11. As and for a second affirmative defense, County reincorporates the answer it filed to the complaint of MWSD herein, including each and every affirmative defense asserted therein.

12. As and for a third affirmative defense, the entire action is barred by the doctrines of Res Judicata and Collateral Estoppel because in 1976 the Superior Court of the County of San Mateo and the California Court of Appeal already adjudicated the respective rights of County and MWSD's predecessor in interest and issued a permanent injunction against taking of any water from the County's well sites without the County's permission.

13. As and for a fourth affirmative defense, USA's right to revert is inchoate.

WHEREFORE, County prays for Judgment as follows:

1. That Plaintiff MWSD take nothing by its complaint;

2. That County be granted allowable litigation expenses and costs of suit incurred; and

3. That County be granted such other and further relief as the Court deems just and proper.

Dated: July 10, 2008

MICHAEL P. MURPHY, COUNTY COUNSEL
  David A. Levy, Deputy
  Glenn M. Levy, Deputy


By: _____/s/_____
         David A. Levy, Deputy

Attorneys for Defendant
COUNTY OF SAN MATEO