1  JOSEPH P. RUSSONIELLO (SBN 44332)
    United States Attorney
2  JOANN M. SWANSON (SBN 88143)
    Chief, Civil Division
3  CHARLES M. O'CONNOR (SBN 56320)
    Assistant United States Attorney

4

5      450 Golden Gate Avenue, 9th Floor
      San Francisco, California 94102-3495
      Telephone:   (415) 436-7180
6      Facsimile:    (415) 436-6748
      Email:       charles.oconnor@usdoj.gov

7

   Attorneys for Intervenor United States of America

8

                UNITED STATES DISTRICT COURT

9

            NORTHERN DISTRICT OF CALIFORNIA

10

                  SAN JOSE DIVISION

11

12  MONTARA WATER AND SANITARY  )   No. C 08-2814 JF (RS)
    DISTRICT,                      )

13                           )
                  Plaintiff,   )

14                  v.        )   UNITED STATES OF AMERICA'S
                         )   MEMORANDUM IN OPPOSITION TO
                         )   PLAINTIFF'S MOTION TO REMAND

15  COUNTY OF SAN MATEO, a political  )   THE ACTION TO SUPERIOR COURT OF
    subdivision of the State of California; and )   CALIFORNIA, SANTA CLARA COUNTY

16  DOES 1 to 20, inclusive,         )

17                  Defendants.  )
                         )   Date:   September 19, 2008

18  _____ )   Time:  9:00 a.m.
    UNITED STATES OF AMERICA,    )

19                         )   Ctrm:  Hon. Jeremy Fogel
                Intervenor.  )

20  _____ )

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

ISSUES TO BE DECIDED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

STATEMENT OF FACTS AND PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . -1-

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

      A.     The United States Did Not Waive Its Right to Removal . . . . . . . . . . . . . . . . . -3-

      B.     The Complaint Seeks to Take Land Owned by the United States Which
             Gives Rise to Federal Question Jurisdiction under 28 U.S.C. § 1331 . . . . . . . . -7-

      C.     Plaintiff Disputes the United States' Title to the Subject Property, Giving Rise to
             Additional Jurisdictional Grounds under the Federal Quiet Title Act. . . . . . . -14-

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

1

**TABLE OF AUTHORITIES**

2

**FEDERAL CASES**

3

Acosta v. Direct Merchants Bank,
    207 F. Supp. 2d 1129 (S.D. Cal. 2002) .................................... 3, 4

Alaska v. Babbitt,
    38 F.3d 1068 (9th Cir.1994) ............................................ 11

Armstrong v. United States,
    364 U.S. 40 (1960) .................................................... 9

Baker v. National Boulevard Bank of Chicago,
    399 F. Supp. 1021 (D.C. Ill. 1975) ...................................... 4

Barraclough v. ADP Automotive Claims Services,
    818 F. Supp. 1310 (N.D. Cal. 1993) ..................................... 9

Beasley v. Union Pac. R.R. Co.,
    497 F. Supp. 213 (D. Ne. 1980) ........................................ 6

Beaver v. U.S.,
    350  F.2d 4 (9th Cir. 1965) ........................................... 8, 9

Block v. North Dakota ex rel. Board of University and School Lands,
    461 U.S. 273 (1983) .................................................. 11

Calf Island Community Trust, Inc., v. Young Men's Christian Association of Greenwich,
    263 F. Supp. 2d 400 (D. Conn. 2003) ................................... 12

Cogdell v. Wyeth,
    366 F.3d 1245 (11th Cir. 2004) ........................................ 6

Crump v. Wal-Mart Group Health Plan,
    925 F. Supp. 1214 (W.D. Ky. 1996) .................................... 4, 5

Foley v. Allied Interstate, Inc.,
    312 F. Supp. 2d 1279 (C.D. Cal. 2004) ................................. 6

Franchise Tax Board v. Construction Laborers Vacation Trust,
    463 U.S. 1 (1983) .................................................... 9

Ft. Leavenworth R. Co. v. Lowe,
    114 U.S. 525 (1885) .................................................. 8

Leisnoi, Inc. v. United States,
    170 F.3d 1188 (9th Cir.1999) .......................................... 13

Leisnoi, Inc. v. United States,
    267 F.3d 1019 (9th Cir.2001) .......................................... 13

Schroeder v. Trans World Airlines, Inc.,
    702 F.2d 189 (9th Cir. 1983) ......................................... 9, 10

State of Oregon v. Wright,
  102 U.S. 177 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

Utah Power & Light Co. v. U.S.,
  243 U.S. 389 (1917) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

Yunis v. United States,
  118 F. Supp. 2d 1024 (C.D. Cal. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

**STATE CASES**

Bowles v. Superior Court,
  44 Cal. 2d 574 (Cal. 1955) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

Metropolitan Water District v. Adams,
  16 Cal. 2d 676 (YEAR) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

People v. Simon Newman Co.,
  37 Cal. App. 3d 398 (YEAR) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

**FEDERAL STATUTES**

28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   passim

28 U.S.C. § 1346(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11, 12, 13

28 U.S.C. § 1441 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10, 11, 14

28 U.S.C. § 2409(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   passim

28 U.S.C. 2409a(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

**FEDERAL RULES**

Fed. R. Civ. P. 71.1(h)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

**MISCELLANEOUS**

U.S. Const. Art. IV, § 3, cl. 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INTRODUCTION

This action was removed from the California Superior Court for the County of Santa Clara to the above entitled Court on June 5, 2008.  Thereafter, on June 24, 2008, the Plaintiff Montara Water and Sanitary District ("Plaintiff") filed its Notice of Motion and Motion to Remand Removed Action to Superior Court of California, County of Santa Clara (hereafter, "Plaintiff's Motion" or "Remand Motion"), now set for hearing on September 19, 2008.

The United States of America ("United States") opposes Plaintiff's Motion and submits the following points and authorities in support of its opposition to the Remand Motion.

## ISSUES TO BE DECIDED

1.  Whether the United States waived its right of removal.

2.  Whether the United States District Court has jurisdiction of the matter.

3.  Whether this action should be remanded to the Superior Court.

## STATEMENT OF FACTS AND PROCEDURAL BACKGROUND[1]

On May 17, 2007, Plaintiff Montara Water and Sanitary District ("Plaintiff") filed an eminent domain action against Defendant County of San Mateo ("County") in Superior Court for the State of California, County of Santa Clara (hereafter, "Superior Court") , seeking to condemn certain portions of the subject real property known as the Half Moon Bay Municipal Airport ("HAF"). HAF had been transferred to the County by the United States through the War Assets Administration ("WAA") by a quitclaim deed dated September 26, 1947. This quitclaim deed gave the WAA a conditional right to reverter. The Federal Aviation Administration ("FAA"), as the successor in interest to the WAA, held the right of reverter to HAF. The right of reverter gave the FAA the option to acquire title to HAF if there was a breach of any of several reservations and restrictions outlined in the quitclaim deed. One such restriction is that the property could not be successively transferred by the County to any third party without the prior approval of the

---

[1]  Except where otherwise indicated, the events and dates set forth are matters of public record within the pleadings and papers presented in previous proceedings concerning this case before this Court and/or the Superior Court of California, Santa Clara County, and they are not known to be in dispute.

1    FAA.

2         On June 18, 2007, the County removed the eminent domain action to this Court for the

3    reason that the action implicated the United States' reversionary interest in HAF. Shortly

4    thereafter, the County filed a motion for joinder of a necessary party (United States of America)

5    as defendant for the reason that the United States was necessary to the action pursuant to Rule 19

6    of the Federal Rules of Civil Procedure.

7         On July 10, 2007, Plaintiff filed a motion to remand the action to the Superior Court,

8    arguing that the removal was improper because the action did not involve any substantive rights

9    created by federal law, involved predominately state law issues, and would be tried independent

10   of federal law.

11        On October 9, 2007, this Court filed an order granting Plaintiff's motion to remand and

12   denying without prejudice the County's motion for joinder. The Court found that the removal

13   was improper because a removal under 28 U.S.C. § 2409(a) requires that (1) the United States

14   claim an interest in the property, and (2) that there be a dispute over title to the property. The

15   Court found that these requirements were not met since the United States had not sought to

16   intervene for the purpose of claiming an interest in the property or the outcome of the case and

17   since there was not a present dispute regarding title to the property.[2] Finally, the Court found that

18   without removal jurisdiction it could not consider the County's joinder motion.

19        On December 13, 2007, Plaintiff obtained an order of immediate possession (hereafter

20   "OIP") covering the subject parcels within HAF from the Santa Clara Superior Court.

21        On December 21, 2007, the United States served a Notice of Intent to Revert Property on

22   the County.

23        On March 21, 2008, the United States issued a Notice of Reverter exercising its

24   reversionary fee simple interest in the subject parcels and submitted it to the Recorder's Office,

25

26        [2]These aspects of this Court's previous rationale for remand of the case are no longer

27   applicable.  As set forth herein, the FAA has caused the title to the subject parcels to be reverted
     to the United States, and the United States now claims an interest in the property—indeed, it

28   claims the fee title to the subject parcels and disputes the Plaintiff's claim of title to them.

1    County of San Mateo.

2        On April 16, 2008, the United States moved to intervene in the Superior Court action on

3    behalf of the Federal Aviation Administration on the grounds that it is the current fee owner of

4    the subject parcels and therefore has paramount interest in the property which Plaintiff is seeking

5    to take.

6        On June 4, 2008, the Superior Court granted the United States' motion to intervene.

7        On June 5, 2008, the intervenor United States filed a notice of removal, removing to the

8    action to this Court.

9        On June 24, 2008, Plaintiff moved this Court for an order remanding the removed action

10   to the Superior Court of California, County of Santa Clara.

11                                **ARGUMENT**

12       The Plaintiff's Motion argues that remand is appropriate for three reasons.  First, Plaintiff

13   argues that because the United States filed a motion to intervene in Superior Court, with

14   supporting papers which included an unsigned proposed complaint in intervention, it waived its

15   right to remove the action.   Second, Plaintiff contends that its eminent domain action does not

16   seek the property interests of the United States, and it cannot be compelled to do so, and

17   therefore, there is no basis for removal of its lawsuit to U.S. District Court.  Lastly, the Plaintiff

18   argues that the Quiet Title Act, 28 U.S.C. § 2409(a) does not apply, and it provides no basis for

19   federal jurisdiction and removal in this action.  As demonstrated below, Plaintiff's arguments

20   have no merit, and this action was properly removed and should remain in this Court for final

21   resolution.

22       A.    **The United States Did Not Waive Its Right to Removal.**

23       Plaintiff argues that the United States clearly waived its right to remove by attaching to its

24   motion to intervene a proposed complaint in intervention which asks for an order "rescinding the

25   award of an early possessory interest to Plaintiff." Plaintiff's argument is without merit.

26       "A waiver of the removal right must be clear and unequivocal. In general, the right of

27   removal is not lost by action in state court short of proceeding to an adjudication of the merits."

28   *Acosta v. Direct Merchants Bank*, 207 F. Supp.2d 1129, 1131 (S.D. Cal. 2002) (internal citations

1  omitted). A defendant "may waive the right to remove to federal court where, after it is apparent
2  that the case is removable, the defendant takes actions in state court that manifest his or her intent
3  to have the matter adjudicated there." Id. at 1131-32. The purpose of this waiver is to prevent
4  parties from experimenting on their cases in state court and then seeking removal to federal court
5  if the experiment was unsuccessful. *State of Oregon v. Wright*, 102 U.S. 177, 179 (1992).

6         The United States' supposed waiver in this case was anything but "clear and
7  unequivocal." The motion to intervene was granted on July 4, 2008. This gave the United States,
8  for the first time, standing to file for removal. Immediately thereafter, on July 5, 2008, the United
9  States filed its notice of removal in U.S. District Court. The United States filed no papers and
10 took no action of any kind in the Superior Court between the time that intervention was granted
11 on June 4, when the case first became removable, and the time that it filed its notice of removal
12 on June 5. Therefore, the United States' actions in the Superior Court after intervention was
13 granted, or rather its inaction, in no way manifested any intent to have the matter adjudicated in
14 Superior Court.

15        Plaintiff cites *Acosta v. Direct Merchants Bank*, 207 F. Supp.2d 1132-33, in support of its
16 argument that the United States waived its right to remove. *Acosta*, in the words of Plaintiff,
17 "cites a number of decisions in which Courts traditionally have held that a filing in which
18 affirmative relief is demanded constitutes a waiver of the removal right." Notably, however,
19 *Acosta* does not cite to any decision in which a court has held that either a motion to intervene or
20 a proposed complaint in intervention, in which affirmative relief is requested in the prayer,
21 constitutes a waiver of the removal right.

22        In fact, Plaintiff has failed to cite, and the United States cannot find, a single case in
23 which the filing a motion to intervene with an attached proposed complaint in intervention was
24 held to constitute a waiver of the right to remove. Courts have held, however, that the act of
25 intervention does *not* constitute a waiver of removal rights. *See, e.g, Baker v. National Boulevard*
26 *Bank of Chicago*, 399 F.Supp. 1021, 1022 (D.C. Ill. 1975); *Crump v. Wal-Mart Group Health*
27 *Plan*, 925 F.Supp. 1214, 1217 (W.D. Ky. 1996) (characterizing plaintiff's argument that the
28 removing party's intervention constituted a waiver as "an odd form of waiver of removal

1  rights").

2      Since Plaintiff cannot cite any case in which the attachment of a proposed complaint in

3  intervention was held to constitute a waiver of the right to remove, Plaintiff is reduced to

4  analogizing the attachment of a proposed complaint in intervention to other actions, such as the

5  filing of a cross-complaint. To make this analogy, Plaintiff emphasizes the "volitional" and

6  offensive nature of the United States' proposed complaint in intervention.

7      Plaintiff is mistaken in its assertion that the attachment of a proposed complaint in

8  intervention is volitional. Under California law, attaching a proposed complaint is a procedural

9  requirement for filing a motion to intervene. CCP § 387; *Bowles v. Superior Court*, 44 Cal.2d

10 574, 589 (Cal. 1955) (denying a party leave to intervene on the grounds that its proposed

11 complaint in intervention failed to satisfy the requirements of CCP § 387.) Obviously, the

12 United States could not have procedurally maintained its motion to intervene in Superior Court

13 without also submitting a copy of the proposed complaint in intervention, in compliance with the

14 requirements of CCP § 387.

15     Nor is the alleged non-defensive aspect of the United States' proposed complaint in

16 intervention relevant to the determination. The statute, CCP § 387, makes it clear that the

17 intervenor may intervene by joining the plaintiff in claiming what is sought, by joining the

18 defendant in resisting the plaintiff's claim, or by demanding anything adverse to both parties. It

19 would indeed be an "odd form of waiver of removal rights" (*Crump v. Wal-Mart Group Health

20 Plan*, 925 F.Supp. 1217) if only those intervenors who joined the defendant in resisting the

21 plaintiff's claims in a strictly defensive posture were held not to have waived their removal

22 rights, whereas other intervenors with more affirmative or offensive grounds for intervention

23 were barred from removing cases, solely by virtue of their attachment of the required proposed

24 complaint in intervention. Unlike a defendant who volitionally files a cross-complaint which

25 demands affirmative relief, an intervenor (here, the United States) is procedurally *required* to

26 attach a proposed complaint which sets forth the intervenor's *claim*, defense, or *demand*. CCP §

27 387.

28 //

1   Additionally, even if attaching a proposed complaint in intervention which demands
2   affirmative relief were volitional, this in no way could be construed as manifesting a "clear and
3   unequivocal" intent to waive the right to remove. Actions which are "preliminary and not
4   conclusive in character and which do not actually submit the merits of a claim for a binding
5   decision do not constitute a waiver of defendant's right to remove." *Beasley v. Union Pac. R.R.*
6   *Co.*, 497 F.Supp. 213, 216 (D. Ne. 1980); *see also Cogdell v. Wyeth*, 366 F.3d 1245, 1249 (11th
7   Cir. 2004) (holding that, even though the defendant had filed a motion to dismiss in state court
8   ten days prior to filing for removal, he had not waived his right to remove since (1) the defendant
9   did not take "any additional steps to have the state court rule on its motion prior to removal," and
10  (2) the "state court [did not] act on the motion."); *Foley v. Allied Interstate, Inc.*, 312 F.Supp.2d
11  1279, 1284-85 (C.D. Cal. 2004) (ruling that the defendant had not waived his right to remove
12  because, in part, the defendant's "actions in state court were not experimentation and did not
13  result in rulings on the merits."). Merely attaching a proposed complaint in intervention is
14  entirely preliminary in character. The Superior Court of Santa Clara County did not act on the
15  proposed complaint—indeed, the Superior Court *could not* have acted on such a proposed
16  complaint which had not even been signed.

17  As explained above, the purpose of the waiver rule is to prevent parties from
18  experimenting with their case in state court and removing it if the experiment is unsuccessful.
19  The United States did not experiment in Superior Court but rather moved to remove the case
20  immediately upon being granted intervenor status. It would be patently erroneous to find that the
21  United States manifested a "clear and unequivocal" intent to waive the right to remove, merely
22  because it complied with California state rules of civil procedure, i.e., by attaching a copy of a
23  proposed complaint in intervention to its motion to intervene. Such a ruling would lack any
24  support under the facts and applicable law, and therefore, the Court should reject Plaintiff's
25  assertion  that the United States waived its right to remove this action to U.S. District Court.
26  //
27  //
28  //

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.     The Complaint Seeks to Take Land Owned by the United States Which Gives Rise to Federal Question Jurisdiction under 28 U.S.C. § 1331**

The Plaintiff contends that its eminent domain action seeks to take the real property identified in its Complaint subject to the rights of the United States. Therefore, it argues that its action is strictly a matter of California law, "no construction or application of federal law" is involved, and there is no basis for federal court jurisdiction. See Plaintiff's Motion, at 2:23-24. Plaintiff is mistaken. It's action attempts to take federally-owned land and raises important issues clearly within this Court's federal question jurisdiction, pursuant to 28 U.S.C. § 1331.

Plaintiff's argues that allowing the removal action to stand would improperly allow the United States to "control Plaintiff's eminent domain acquisition." *Id.*, at 11:10-13. This is a gross mis-characterization of the effect of removal as well as a distortion of the factual and legal posture of the action now before this Court.

When Plaintiff's action was initially filed in Superior Court, it sought to take the subject land from the County, all the time ignoring the terms of the WAA's (i.e., FAA's) original quitclaim deed to the County which clearly requires the consent of the United States before *any transfer* of any interest of any kind can occur. Notwithstanding the United States' voluntary efforts to accommodate the interests of all the affected parties, the Plaintiff could not be dissuaded from the condemnation litigation it had initiated. See paragraphs 8 through 11 of Exhibit E to Plaintiff's Motion (copy of the Declaration of Lorraine Herson-Jones in Support of Motion to Intervene), hereafter referred to as "Plaintiff's Exhibit E").

The problem with Plaintiff's portrayal of the facts (and, as a result, the fatal defect in all its arguments in the Remand Motion) is that it fails to acknowledge or address the inconvenient fact that the United States exercised its reversionary interest in the subject parcels in March, 2008. See Plaintiff's Exhibit E, at ¶¶ 8-9. As a consequence of the reversion, the United States is the current fee simple owner of the subject real property, i.e., the same parcels which Plaintiff seeks to take by eminent domain. See copy of a Title Report for the property showing title vested in the United States and the County, attached as Exhibit 1 to the Declaration of Lorraine Herson-Jones in Support of Intervenor's Opposition to Remand (hereafter, "Herson-Jones

1  Decl."), filed herewith.  This current fee ownership of the United States not only renders
2  inoperable the Plaintiff's key argument, i.e., that its action seeks to take the land "subject to the
3  rights of the United States," it makes federal jurisdiction inescapable.

4        By choosing to ignore the essential fact of federal ownership of the subject parcels,
5  Plaintiff seeks to present the Complaint as an ordinary eminent domain action which should
6  proceed according to California eminent domain law without any reference to federal law.  That
7  presentation of the issues, however, is patently incomplete and entirely misleading.  Based upon
8  this inherently flawed presentation of the matter, as more fully explained and clarified in the
9  United States' petition for removal, Plaintiff has been and wants to continue seeking to take
10 property belonging to the United States by pursuing condemnation proceedings in Superior Court
11 to conclusion. However, Plaintiff has not cited any California or federal eminent domain law
12 which authorizes state or local governments or governmental agencies to pursue eminent domain
13 actions to take land owned by the United States.  The Plaintiff's failure to cite any such authority
14 is a telltale acknowledgment that the United States' fee ownership renders California eminent
15 domain law and Superior Court jurisdiction inapplicable to this case.  That is, Plaintiff has no
16 authority to support Superior Court jurisdiction over an effort to take the subject federally owned
17 lands, so the Plaintiff's argument simply ignores the United States fee interest in those lands.

18       Plaintiff's attempt to take land belonging to the United States is, instead, governed by
19 federal law such as the Property and Supremacy Clauses of the Constitution. *See, e.g., Yunis v.*
20 *United States*, 118 F. Supp. 2d 1024, 1026, 1031 (C.D. Cal. 2000) ("Under the Property and
21 Supremacy Clauses of the United States Constitution, federal law governs the determination of
22 whether title to land owned by the United States has passed to another party.").  Therefore, the
23 District Court has original jurisdiction of this action, pursuant to 28 U.S.C. § 1331.

24       It is settled federal law that neither a state nor state entity can take by eminent domain
25 land owned by the United States and devoted to governmental purposes. *Id.* at 1031; *Ft.*
26 *Leavenworth R. Co. v. Lowe*, 114 U.S. 525 (1885); *Utah Power & Light Co. v. U.S.*, 243 U.S.
27 389, 404 (1917) ("[T]he power of Congress is exclusive and . . . only through its exercise in
28 some form can rights in lands belonging to the United States be acquired."); *Beaver v. U.S.*, 350

United States' Opposition to Plaintiff's Motion to Remand Action to Superior Court
C 08-2814 JF (RS)                              -8-

1  F.2d 4, 8 (9th Cir. 1965); *Armstrong v. United States*, 364 U.S. 40, 43 (1960)( stating that
2  property owned by the United States "cannot be seized by authority of another sovereignty
3  against the consent of the Government."); 26 Am.Jur.2d Eminent Domain § 89; U.S. Const. Art.
4  IV, § 3, cl. 2 ("Congress shall have Power to dispose of and make all needful Rules and
5  Regulations respecting the Territory or other Property belonging to the United States . . . ."); U.S.
6  Const. Art. VI, cl. 2 ("This Constitution, and the Laws of the United States which shall be made
7  in Pursuance thereof . . . shall be the supreme Law of the Land."). There can be no genuine
8  dispute that the issues raised by Plaintiff's Complaint are "federal questions" covered by 28
9  U.S.C. § 1331, and jurisdiction lies in this Court.

10  For purposes of federal question jurisdiction, district courts have "jurisdiction to hear,
11  originally or by removal from a state court, . . . those cases in which a well-pleaded complaint
12  establishes either that federal law creates the cause of action or that the plaintiff's right to relief
13  necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Board*
14  *v. Construction Laborers Vacation Trust*, 463 US 1, 27-28 (1983). Thus, the Plaintiff cannot
15  avoid federal jurisdiction here simply because its Complaint does not identify the federal interest
16  in the land or name a federal individual or agency as a defendant.

17  Furthermore, if a plaintiff is asserting a  claim cognizable under federal law, removal is
18  proper even if this claim is entirely meritless: "A plaintiff should not be permitted to effectuate
19  remand by pointing out the flaws in her own complaint, in effect arguing for dismissal of that
20  claim." *Barraclough v. ADP Automotive Claims Services*, 818 F.Supp. 1310, 1311 (N.D. Cal.
21  1993) (internal citation omitted). Therefore, even if Plaintiff lacks authority to condemn the
22  subject federally-owned parcels, removal of this action is still appropriate and should be
23  sustained.

24  Finally, a plaintiff cannot defeat removal of a federal claim by disguising or "artfully
25  pleading" it as a state claim. *Schroeder v. Trans World Airlines, Inc.* 702 F.2d 189, 191 (9th Cir.
26  1983). As applied to this case, this principle means that, notwithstanding the Complaint's
27  reliance of California condemnation and procedural statutes, the Plaintiff's attempt to take
28  federally-owned land can be resolved only by reference to federal law.  Thus, if the only claim

1   involved is one arising under federal law, the federal court must "re-characterize" it accordingly,

2   in order to uphold removal. Id. "It is proper to use the petition for removal to clarify the action

3   plaintiff presents and to determine if it encompasses an action within federal jurisdiction." Id.

4       Through use of the petition for removal to clarify Plaintiff's claim, the United States has

5   demonstrated that the only action which Plaintiff presents in its complaint is an action within

6   federal jurisdiction. Plaintiff's attempt to take property of the United States by eminent domain

7   necessarily depends on the resolution of a substantial question of federal law: i.e., whether this

8   action is allowable under the Property and Supremacy clauses of the U.S. Constitution.

9       Accordingly, original jurisdiction of this matter lies in this Court under 28 U.S.C. § 1331,

10  and removal is proper under 28 U.S.C. § 1441, and it should be sustained by this Court's denial

11  of the Remand Motion.

12      **C.    Plaintiff Disputes the United States' Title to the Subject Property, Giving
        Rise to Additional Jurisdictional Grounds under the Federal Quiet Title Act.**

13      Plaintiff heavily emphasizes the generally valid legal principle that, as condemnor, it

14  cannot be required to take more severable rights in property than what it needs. Remand Motion,

15  at pp. 10-11. Based upon that premise, Plaintiff argues that its Complaint does not seek to take

16  any rights belonging to the United States, and therefore, grounds for removal are lacking.

17  However, the United States exercised its reversionary rights to the very property interest which

18  Plaintiff seeks to take, and it now holds fee simple title to that property. See Exhibit 1 to Herson-

19  Jones Decl. and discussion in Part B, above. Certainly, under these circumstances, Plaintiff's

20  Complaint is plainly seeking to take rights in property belonging to the United States.

21      As noted above, throughout all of its arguments in the Remand Motion, Plaintiff fails to

22  acknowledge or address the fact that the United States has, in fact, exercised its reversionary

23  interest and now holds fee title to the subject parcels.  In fact, the Plaintiff expressly claims

24  "ownership" of the condemned property as a result of the OIP issued by the Superior Court on

25  December 19, 2007.[3]  Remand Motion 10:10-11 and 5, fn. 1.  Without any doubt, the foregoing

26

27      [3] The United States disputes Plaintiff's claim of ownership as a result of the OIP, and

28  although the merits of that claim of ownership are immaterial to the issues pertinent to

1 │ respective positions of the parties has created a dispute over title to the subject property and

2 │ provides additional grounds for original federal court jurisdiction under the federal Quiet Title

3 │ Act, 28 U.S.C. § 2409a, and 28 U.S.C. § 1346(f). Accordingly, removal to this Court is proper

4 │ under 28 U.S.C. § 1441.

5 │       Pursuant to 28 U.S.C. § 2409a, Plaintiff's dispute of the United States' title can be

6 │ considered only if in the form of a federal quiet title action. That is the exclusive remedy for

7 │ Plaintiff's claim of title or ownership in the context of its eminent domain action. *Alaska v.*

8 │ *Babbitt*, 38 F.3d 1068, 1073 (9th Cir.1994) (holding that "when the United States has an interest

9 │ in the disputed property the waiver of sovereign immunity must be found, if at all, within the

10 │ QTA"); *see also Block v. North Dakota ex rel. Bd. of University and School Lands*, 461 U.S.

11 │ 273, 286 (1983) (holding that the Quiet Title Act is "the exclusive means by which adverse

12 │ claimants [can] challenge the United States' title in real property").

13 │       Plaintiff's argument in opposition to the Notice of Removal's assertion of federal

14 │

15 │ ─────────────

16 │ determination of the Remand Motion, it is nonetheless noted that Plaintiff 's ownership claim is
  │ bogus. As support for its assertion, that it acquired title to the subject parcels on December 12,
17 │ 2007, as a result of the OIP , Plaintiff cites *People v. Simon Newman Co.*, 37 Cal.App.3d 398,
  │ 404-05. The relevant text from *Simon Newman Co.* reads as follows:

18 │

19 │     It should be clear from the foregoing that a distinction is drawn between the legal effect of
  │     passage of title and the "taking" of the property involved. *There is no passage of title in*
20 │     *condemnation proceedings until* an award has been made and the final judgment in
  │     condemnation filed in the office of the county recorder. (Code Civ. Proc., § 1253 [replaced by
21 │     CCP § 1268.030]; *Metropolitan Water Dist. v. Adams*, 16 Cal.2d 676) However, as an exception
  │     to the strict application of the law, it is recognized that a "taking" of sufficient consequences is
22 │     deemed to have the same effect of finality of transfer for specific purposes as does the passage of
  │     title. (Emphasis added.)
23 │

24 │ Plaintiff's argument ignores the rule (that title does not pass in condemnation proceedings until
  │ an award has been made and the final judgment is filed with the county recorder), and instead
25 │ cites the "exception to the strict application" of this rule as if it were the rule itself. Plaintiff is
  │ wrong. The "sufficient consequences" in *Simon Newman Co.* consisted of dispossession of the
26 │ owners and acts of appropriation, destruction and damage, such as the removal of buildings and
  │ the construction of an overpass thereon. Plaintiff has not alleged such sufficient consequences to
27 │ justify an exception to the rule in this case, nor have such consequences occurred, as the subject
28 │ property has not been physically altered since the condemnation proceedings began.

United States' Opposition to Plaintiff's Motion to Remand Action to Superior Court
C 08-2814 JF (RS)           **-11-**

1  jurisdiction under the Quiet Title Act takes the position that the eminent domain action it filed in
2  Superior Court is an action *in rem* against the property, whereas Plaintiff contends that a quiet
3  title action is, "generally speaking, an *in personam* proceeding." Remand Motion, 12:28 to 13:1.
4  Plaintiff cites no cases holding that the alleged *in rem* versus *in personam* distinction between the
5  two kinds of cases was held to be grounds to refuse federal jurisdiction under the Quiet Title Act
6  or grounds supporting remand of such an action to state courts. In fact, the distinction drawn by
7  Plaintiff is totally immaterial to the jurisdictional issue before this Court.[4] However, if the
8  inference or implication of this argument is that, since Plaintiff did not name the United States as
9  a defendant in the eminent domain Complaint, the Quiet Title Act (i.e., the alleged *in personam*
10  proceeding) does not operate to provide federal court jurisdiction, Plaintiff is once again
11  mistaken.

12      As explained above, there can be no question that the pending matter involves a dispute
13  over title to land in which the United States has an interest, and the Quiet Title Act provides for
14  exclusive federal court jurisdiction over such a dispute. 28 U.S.C. § 1346(f) and 2409a. That
15  provision for exclusive federal jurisdiction cannot be avoided by the Plaintiff's refusal to name
16  the United States as a party to the action. This point is well illustrated by the case entitled *Calf*
17  *Island Community Trust, Inc., v. Young Men's Christian Association of Greenwich* 263
18  F.Supp.2d 400, 402-403 (D.Conn. 2003), wherein the defendant had entered into an agreement to
19  sell the property at issue to a third party, which party in turn had an agreement to thereafter
20  convey the property to the United States, pursuant to an option. The original action challenging
21  sale of the parcel to the party that gave the option to the United States (but not naming the United
22  States) was removed and consolidated with the United States' condemnation action in district

---

24  [4] Plaintiff also cites the lack of any right to jury trial under 28 U.S.C. 2409a(f) and
25  identifies it as being inconsistent with Plaintiff's right to jury trial on the issue of just
compensation in its eminent domain proceeding. Remand Motion, p. 13. Plaintiff's argument
26  fails for two reasons. First, Plaintiff is mistaken in its premise because, should its eminent
domain action ever go to trial, the rules preserve the right to jury for a determination of just
27  compensation. Fed. R. Civ. P. 71.1(h)(1)(B). Second, as with its argument re *in rem* vs. *in*
*personam* distinction, above, Plaintiff cites no cases holding the lack of a right to jury trial of an
28  issue in federal court is grounds for remand of an action to Superior Court.

1    court.  In that case, the court held that:

2        There are only two prerequisites to federal jurisdiction under this statute (28
3        U.S.C. § 1346(f)): (1) the United States must claim an interest in the property, and
         (2) there must be a dispute over title to that property.  *See Leisnoi, Inc. v. United*
4        *States*, 170 F.3d 1188, 1191 (9th Cir.1999);  *See also Leisnoi, Inc. v. United States*,
         267 F.3d 1019, 1023 (9th Cir.2001). [5]

5    The Court also specifically held that "it is of no moment that the United States is neither a named

6    party nor mentioned by name in the state court complaint.  *See Leisnoi, Inc. v. United States*, 170

7    F.3d 1188, 1192.

8        Accordingly, since it has been established that 1) the United States claims title to the

9    subject parcels, and  2) the Plaintiff plainly claims title to the same parcels,[6] it is undeniable that

10   a dispute over title to the subject parcels exists, and removal under § 1346(f) is appropriate.

11   Moreover, the failure of the Plaintiff to name the United States as a defendant in the Complaint is

12   immaterial to the removal determination.

13       It should also be noted at this point that removal is consistent with this Court's prior order

14   granting Plaintiff's motion for remand on October 9, 2007.  At that time, the United States was

15   not a party to the action, and the Court found that the removal was improper because a removal

16   under 28 U.S.C. § 2409(a) requires that the United States claim an interest in the property and

17   that there be a dispute over title to the property.  Now however, the facts have changed, and there

18   can be no doubt that the United States claims an interest in the property (i.e., fee title), that

19   Plaintiff disputes that title, and all elements necessary to support removal under 28 U.S.C. §

20   2409a and § 1346(f) have been satisfied.  Therefore, the Remand Motion should be denied and

21   removal sustained.

22

23

24
        ――――――――――――――――

25   [5]As part of the basis for its decision, that Court also cited and discussed the "artful
     pleading doctrine, . . . a corollary to  well-pleaded complaint rule" under which "a plaintiff may
26   not defeat federal jurisdiction by artfully pleading an ostensibly wholly state law claim with a
     federal question 'lurking in the verbiage." (Citiations omitted.) *Id.* at 402-403.  Also, see Part B,
27   above for a discussion and examples of applications of the artful pleading doctrine.

28

1

## CONCLUSION

2      Plaintiff's motion to remand should be denied because none of the cited grounds for

3   remand have any validity.   First, neither the United States' motion to intervene in the Superior

4   Court proceeding nor the attachment of an unsigned proposed complaint in intervention to the

5   motion papers constituted a waiver of its right to remove the action.   Second, Plaintiff's

6   Complaint contains claims which give rise to exclusive federal question jurisdiction in this

7   Court, pursuant to 28 U.S.C. § 1331.  Finally, Plaintiff claims title to the subject real property

8   which directly conflicts with the United State's claim to title, giving rise to an additional basis

9   for exclusive jurisdiction of the District Court under the federal Quiet Title Act, 28 U.S.C. §

10  2409a and § 1346(f).  Because the District Court has jurisdiction over the claims alleged in the

11  Complaint, removal of the Superior Court action was appropriate under 28 U.S.C. § 1441.

12  Therefore, the removal should be sustained, and the Remand Motion should be denied.

13                                          Respectfully submitted,

14                                          JOSEPH P. RUSSONIELLO
                                            United States Attorney
15

16  Dated: August 29, 2008                          /s/

17                                          _____
                                            CHARLES M. O'CONNOR
18                                          Assistant United States Attorney

19  OF COUNSEL:
    Lorraine Herson-Jones
20  Attorney
    Federal Aviation Administration
21

22

23

24

25

26

27

28